U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

AUG 29 1997

NANCY DOHERTY, CLERK

BY _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

OMNITRITION INTERNATIONAL, INC., §
§
Plaintiff, §
§ Civil Action No. 3:96-CV-3313-D
VS. §
§
OMNILIFE USA, INC., et al., §
§
Defendants. §

## MEMORANDUM OPINION AND ORDER

In a June 10, 1997 motion (as supplemented on June 17, 1997), defendant Omnitrition de Mexico S.A. de C.V. ("Omni-Mex") moves to set aside entry of default and of default judgment. Plaintiff Omnitrition International, Inc. ("Omnitrition") opposes the motion. Following an evidentiary hearing, and for the reasons that follow,[1] the court denies the motion.

### I

Omnitrition sued Omni-Mex. When Omni-Mex did not answer, Omnitrition applied for and obtained the clerk's entry of default on January 14, 1997. On the same day, the court filed a final default judgment, entered by the clerk pursuant to Fed. R. Civ. P. 54(b) as a final judgment on January 15, 1997. Omni-Mex later answered and filed a counterclaim on April 17, 1997. It also filed the instant motion to set aside default. The court later struck the answer and counterclaim.

### II

The court begins by addressing the scope of Omni-Mex's motion. In its motion, Omni-Mex

---

[1]The court sets out in this memorandum opinion and order its findings of fact and conclusions of law. *See* Fed. R. Civ. P. 52(a).

contended that it was never properly served through its president, Jorge Carlos Vergara Madrigal ("Vergara"), or anyone else. Mot. ¶ 2. Omni-Mex also asserted in conclusory terms that it has a meritorious defense; that although it was never served, it voluntarily filed an answer and counterclaim; that both Omnitrition and Omni-Mex should be parties so that a full and final adjudication can be reached; and that because Omnitrition must litigate its claims against defendant Omnilife USA, Inc. ("Omnilife USA"), Omnitrition will not be prejudiced by setting aside the default judgment against Omni-Mex. *Id.* ¶ 3. In a brief filed the morning of the hearing on its motion, and during hearing testimony, Omni-Mex asserted that the motion should be granted because Omnitrition acquired service by fraud or trickery. Br. at 4-5. This ground is not included in either the June 10 motion or the supplement. When the court set the motion for hearing, it did not allow the parties to enlarge the grounds for relief. It simply determined that the principal issue presented in the motion could not be resolved without live testimony. Accordingly, the court declines to reach the question whether Omnitrition acquired service by fraud or trickery.[2]

### III

The principal issue presented by Omni-Mex's motion is whether Omnitrition properly served its president—Vergara—on December 10, 1996. The court finds that it did.

Omni-Mex does not dispute that personal service upon Vergara would be proper service under the Federal Rules of Civil Procedure. It maintains instead that Omnitrition never served him at all, because "an unidentified person merely threw papers at Vergara's car as he passed by." Mot. ¶ 2.

---

[2]The court is also concerned that Omni-Mex added this argument at the last moment when it realized the doubtful merit of its contention that its president had never been served.

The court finds from a preponderance of the credible evidence that the process server, Nathan Majors ("Majors"), placed the summons and complaint in Vergara's lap on December 10, 1996 as he sat in a limousine. Although both parties were forced during the evidentiary hearing to retreat at least somewhat from the unqualified statements contained in their affidavits, the testimony of Vergara and Alvaro Gonzalez Luna ("Gonzalez") stands in *stark* contrast with their live testimony.[3] Vergara stated in his affidavit that Majors—the process server—"ran toward the car and hurled some papers at the automobile as we drove away." Vergara Aff. ¶ 4. Gonzalez's affidavit, perhaps drafted by the same lawyer, contains the identical statement that Majors "ran toward the car and hurled some papers at the automobile as we drove away." Gonzalez Aff. ¶ 4. In its hearing brief, Omni-Mex persists in the position that the process server "tossed papers in Mr. Vergara's general direction." Br. at 5. The hearing evidence paints quite a different picture, and even Vergara's and Gonzalez's own testimony shows that these affidavits are untrue in material respects. The fundamental premise of Omni-Mex's motion, *see* Mot. ¶ 2, and of the quoted portions of the two affidavits, is that an unidentified person hurled papers at the exterior of the Vergara limousine as it drove by. The evidence conjures a picture of a hapless process server trying in desperation, or disgust, to hit a moving target. This is not what happened. The court finds that the testimony of Vergara and Gonzalez is so substantially at variance with their affidavits that it lacks credibility in the respects that are key to the court's present question—whether Majors placed the documents in Vergara's lap inside the limousine.

Gonzalez also referred to Majors in his affidavit as an "unidentified person," even though the

---

[3]The court's findings concerning the efforts of Omni-Mex to mislead the court are not directed to its counsel. There is no suggestion in the record that counsel had any personal knowledge of the events of December 10, 1996 that would permit them to doubt their client's version of what occurred. Of course, were counsel aware, they would be subject at least to disciplinary action if not to more severe sanctions.

testimony clearly shows that Gonzalez had seen him before and even suspected that he was a process server attempting to effect service in a state-court lawsuit.

The court finds, based on the credible testimony and evidence, that Majors placed the summons and complaint in Vergara's lap, that someone inside the limousine threw the papers outside the vehicle, that the limousine driver instinctively picked up the documents and returned them to the occupants, and that someone then rolled down the vehicle window and tossed the papers out as the limousine departed. Vergara was personally served in accordance with the rules.

IV

Although the court finds that Omnitrition served Omni-Mex, the court's inquiry does not end with this conclusion. Omni-Mex requests that the court set aside the default judgment on equitable grounds even if the court determines that service was proper.

The court may set aside a default judgment pursuant to Rule 55(c) if the party seeking relief shows good cause. *United States v. One Parcel Of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985). The court may also set aside a judgment pursuant to Rule 60(b) "whenever such action is appropriate to accomplish justice." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401-02 (5th Cir. Unit A Jan. 1981) (footnote omitted) (quoting *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949)). The determination whether to set aside a default judgment is within the sound discretion of the district court. *One Parcel of Real Property*, 763 F.2d at 183. Rule 60(b) seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and "the incessant command of the court's conscience that justice be done in light of *all* the facts." *Seven Elves*, 635 F.2d at 401 (quoting *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir.), *cert. denied*, 399 U.S. 927 (1970)) (emphasis in original). The rule should be liberally

- 4 -

construed in order to do substantial justice. *Id.*

In deciding a motion to set aside a default judgment under Rule 60(b)(1), courts generally examine three factors: "(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of the defendant's conduct." *FSLIC v. Kroenke*, 858 F.2d 1067, 1069-1070 (5th Cir. 1988) (citing *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonomia*, 776 F.2d 1277 (5th Cir. 1985)).

The court finds that Omnitrition will not be irreparably prejudiced if the court were to grant the motion to set aside. Omnitrition must still litigate this case against Omnilife USA. Any injury to Omnitrition could be ameliorated by awarding it attorney's fees and costs in opposing the motion to set aide.

The court finds, however, that the other two factors warrant denying the motion. Omni-Mex has merely advanced conclusory and *ipse dixit* grounds for asserting that it has a meritorious defense. *See* Mot. ¶ 3; Br. at 1. It has not demonstrated a meritorious defense, either by its pleadings or the hearing testimony.

The court also finds that Omni-Mex is highly culpable. This is a case in which a defendant knew that it had been served, submitted false affidavits to try to cover up the fact of service, and then presented misleading testimony during an evidentiary hearing convened on its motion to set aside. A court of equity will not turn a blind eye to such conduct. Indeed, to grant relief here would be to reward a litigant who was caught attempting to mislead the court. The grand reservoir of equity that Rule 60(b) represents is not so deep.

\*   \*   \*

The court denies the motion.

**SO ORDERED**.

August ___**29**___, 1997.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE